

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

NLAGEMANN@SIDLEY.COM
+1 212 839 8521

AMERICA  •  ASIA PACIFIC  •  EUROPE

January 12, 2018

**By Hand Delivery and ECF**

The Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    *Zohar CDO 2003-1, Ltd, et al. v. Patriarch Partners, LLC, et al., 17cv00307 (WHP)*

Dear Judge Pauley:

      We represent Credit Value Partners, LP ("CVP"), Halcyon Capital Management LP ("Halcyon), Coöperatieve Rabobank U.A. ("Rabobank") and Varde Partners, Inc. ("Varde," and with CVP, Halcyon and Rabobank, the "Zohar III Controlling Class"),[1] Third-Party Defendants in the above captioned action. We write pursuant to Rule III.A of Your Honor's Individual Rules to respectfully request a pre-motion conference to discuss the Zohar III Controlling Class' forthcoming motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2]

      As this Court is aware, this litigation arose due to longstanding and ongoing disputes between Plaintiffs Zohar CDO 2003-1 ("Zohar I"), Zohar II 2005-1 Ltd ("Zohar II"), and Zohar III, Ltd. ("Zohar III") (collectively, "Plaintiffs" or the "Zohar Funds") and Defendants Patriarch Partners LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC (collectively, "Patriarch"), Octaluna LLC, Octaluna II LLC, Octaluna III LLC ("Octaluna III") (collectively, "Octaluna"), Ark II CLO 2001-1, LLC, Ark Investment Partners II, L.P. (collectively, "Ark"), and Lynn Tilton ("Tilton," and collectively with Patriarch, Octaluna and Ark, "Defendants" or the "Tilton Defendants"). On November 16, 2017, after having briefed and argued a motion to dismiss the Plaintiffs' complaint in its entirety, the Tilton Defendants suddenly reversed course and requested that this Court retain supplemental jurisdiction over certain of the Plaintiffs' state-law claims. *See* ECF 78. Thereafter, the Tilton Defendants filed the Answer, Counterclaims, and Third-Party Complaint (the "Answer"),

---

[1] As an aside, Third-Party Defendants CVP and Varde had exited from their positions in the Zohar III CDO prior to many of the events discussed in the Answer filed by the Tilton Defendants.

[2] For purposes of this letter and the motion, the Zohar III Controlling Class takes the allegations contained in the Answer as true. However, the Zohar III Controlling Class does not admit to or concede the truth of those allegations and reserves its right to dispute the veracity of those allegations at the appropriate time.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable William H. Pauley III
January 12, 2018
Page 2

asserting twenty-two purported claims for relief, four of which purportedly seek relief against the Zohar III Controlling Class.

On December 29, 2017, this Court issued an opinion granting the Tilton Defendants motion to dismiss the Zohar Funds' claims arising under RICO, thereby removing federal question jurisdiction over this matter. *See Zohar CDO 2003-1, LTD, et al. v. Patriarch Partners, LLC, et al.*, 17cv307, 2017 WL 6628609 (S.D.N.Y. Dec. 29, 2017). The Court also declined to exercise supplemental jurisdiction over the remaining state law claims of the Zohar Funds against the Tilton Defendants. *See id.* at *15. Finally, the Court offered its "observations" that it may not be "fair" or "appropriate" to exercise jurisdiction over the Tilton Defendants' Third Party Complaint against the Zohar III Controlling Class and the other Third Party Defendants.[3] *See id.* at *15-16. The Court's concerns are warranted. None of the claims against the Zohar III Controlling Class arise under federal law or give rise to federal question jurisdiction under 28 U.S.C. § 1331 and the allegations in the Answer make clear that diversity jurisdiction under 28 U.S.C. § 1332 does not exist.[4] *See* Counterclaims ¶¶ 2-11, 18-21. Accordingly, the Zohar III Controlling Class intends to demonstrate that the claims asserted against them should be dismissed for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Even if jurisdiction existed, and it does not, the claims against the Zohar III Controlling Class are all also subject to dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The first claim for breach of fiduciary duty asserts that the Zohar III Controlling Class, as debt holders, supposedly breached a fiduciary duty to Ms. Tilton as a shareholder. *See* Answer ¶¶ 210-218. The entirety of this claim is premised upon the absurd assertion that the Zohar III Controlling Class is akin to a controlling shareholder. *See id.* ¶ 212. However, the Zohar III Controlling Class are holders of debt issued by Zohar III, and thus, are creditors of Zohar III. As creditors of Zohar III, no fiduciary relationship existed, much less a supposed fiduciary obligation to the equity holder of Zohar III, Octaluna III, or such equity holder's ultimate owner, Ms. Tilton.[5] *See Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 593 (2012) ("A debtor and creditor have no special relationship of confidence and trust, and the relationship is generally controlled by contract."). Here, the contract governing the relationship between the Zohar III Controlling Class makes clear that that noteholders, like the members of the Zohar III Controlling Class, do not owe "any obligation or duty to any Person . . . and shall not be liable to any Person for any action taken by it or at its direction or any failure by it to act or to direct that

---

[3] In so doing, the Court directed the Tilton Defendants to file an explanation "as to why this Court should retain jurisdiction over their claims in the Third Party Complaint and why their third-party claims qualify as an impleader action under Rule 14 by no later than January 26, 2018." *See Zohar CDO 2003-1*, 2017 WL 6628609, at *17.
[4] In the Opinion and Order, this Court has already rejected the Tilton Defendants' invocation of the RICO statute and the Edge Act as giving rise to federal question jurisdiction. *See Zohar CDO 2003-1*, 2017 WL 6628609, at *16.
[5] Ms. Tilton also controls the board of Zohar III.

# SIDLEY

The Honorable William H. Pauley III
January 12, 2018
Page 3

action to be taken, without regard to whether such action or inaction benefits or adversely affects . . . any other Person." *See* Indenture § 13.2.

The Tilton Defendants next assert that the Zohar III Controlling Class supposedly tortiously interfered with a collateral management agreement by purportedly allowing or directing Alvarez & Marsal Zohar Management LLC ("AMZM") to take or not take certain actions. *See* Answer ¶¶ 303-309. This claim also fails. Section 13.2 of the governing indenture precludes the imposition of liability upon the members of the Zohar III Controlling Class based upon any action or direction given, or not given, by the members of the Zohar III Controlling Class. Moreover, one of the supposed breaches, failing to provide monthly reports, was caused by the Tilton Defendants, which precludes a claim of tortious interference. [6] *See, e.g., Lazar's Auto Sales, Inc. v. Chrysler Fin. Corp.*, 83 F. Supp. 2d 384, 391 (S.D.N.Y. 2000). The other supposed breaches relate to an auction of collateral from the Zohar I CLO, *see* Answer ¶ 307, which was approved and allowed to go forward by Judge Rakoff over the objections of the Tilton Defendants. *See Patriarch Partners XV, LLC, et al. v. U.S. Bank Nat'l Ass'n, et al.*, 16cv7128 (JSR). Thus, even if not precluded by the terms of the indenture, this claim fails for failing to identify any breach of contract, let alone any induced by the Zohar III Controlling Class. [7]

The claim for supposedly aiding and abetting breaches of fiduciary duty, *see* Answer ¶¶ 322-328, fails as well. Not only does the governing indenture expressly provide that the Zohar III Controlling Class does not owe any fiduciary obligations, but it also precludes the imposition of liability based upon any action, or inaction, that could constitute supposed aiding and abetting. Finally, the declaratory judgment claim regarding the ownership of underlying portfolio companies, *see* Answer ¶¶ 329-333, should be dismissed because the proper parties to litigate that claim are the Zohar Funds and the Tilton Defendants, not underlying noteholders. Those proper parties are litigating this very issue already before the Delaware Chancery Court, which this Court has recognized "is an ideal forum to resolve these equity-related questions." *Zohar CDO 2003-1*, 2017 WL 6628609 at *14.

These are but a brief summary of some of the grounds upon which the Zohar III Controlling Class will demonstrate that the claims against it should be dismissed. Accordingly, the Zohar III Controlling Class respectfully requests a pre-motion conference at which time it will seek the Court's permission to file its forthcoming motion. We are available to discuss these matters at the Court's convenience.

---

[6] In one of the many lawsuits spawned because of the Tilton Defendants' actions, the Delaware Chancery Court held that the Tilton Defendants breached the collateral management agreement by failing to provide information to AMZM needed to provide monthly reports. *See Zohar CDO 2003-1, LLC, et al., v. Patriarch Partners, LLC*, C.A. No. 12247-VCS, 2016 WL 6248461 (Del. Ch. Oct. 26, 2016), *aff'd* 165 A.3d 288 (Table) (Del. June 19, 2017).
[7] This claim also fails for the additional independent reason that any actions taken by the Zohar III Controlling Class to protect their investments would fall within the economic interest defense to a claim for tortious interference. *See, e.g., Verraigio, Ltd. v. AE Jewelers, Inc.*, 2017 WL 4125368, at *9-10 (S.D.N.Y. Aug. 23, 2017).

# SIDLEY

The Honorable William H. Pauley III
January 12, 2018
Page 4

Respectfully submitted,

/s/ Nicholas K. Lagemann

Nicholas K. Lagemann

cc:    All counsel of record (by ECF)