# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Brett D. Jaffe                    Direct Dial: 212-210-9547                    Email: brett.jaffe@alston.com

January 12, 2018

<u>VIA ECF</u>

The Honorable William H. Pauley III
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Zohar CDO 2003-1, Ltd. et al. v. Patriarch Partners, LLC et al.*,
No. 17 Civ. 307 (WHP)

Dear Judge Pauley:

This firm represents Third-Party Defendant U.S. Bank National Association, solely in its capacity as Trustee under the Zohar I, II, and III Indentures ("U.S. Bank" or "Trustee").[1] We write to respectfully request a pre-motion conference in connection with the Trustee's anticipated motion to dismiss all claims asserted against it by Patriarch Partners, LLC *et al.* (collectively, "Patriarch") in the Third-Party Complaint (the "Third-Party Claims").

The Third-Party Claims are defective in at least three ways. First, as Your Honor observed in dismissing the Complaint (Dkt. No. 105) (the "Decision"), Patriarch's Third-Party Claims are impermissible under Fed. R. Civ. P. 14 because the claims do not depend on Patriarch's alleged liability to the Zohar Plaintiffs in the (now-dismissed) Complaint. Second, this Court does not have independent jurisdiction over any of the Third-Party Claims, and, in light of the Court's dismissal of the Complaint, there is no basis for the Court to exercise supplemental jurisdiction.

Finally, Patriarch's Third-Party Claims are substantively deficient. The gravamen of the Third-Party Claims against the Trustee—that the Trustee conducted the Auction of the Zohar I collateral in a commercially unreasonable manner—is duplicative of the claims asserted by Patriarch in an action it brought in this district seeking to enjoin the Auction. *See Patriarch Partners, XV, LLC v. U.S. Bank N.A.*, No. 16-civ-7128 (S.D.N.Y.) (the "Zohar I Auction Litigation"). Every aspect of the Auction process—including the bidder eligibility, the structure of bids, the timing of bids, and the specific collateral to be liquidated—was supervised and judicially approved by Judge Rakoff, who ultimately made a factual holding that the auction (conducted in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third-Party Complaint (Dkt. No. 88).

Alston & Bird LLP                                                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Los Angeles  |  New York  |  Research Triangle  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

January 12, 2018
Page 2

the manner required by the Court) was commercially reasonable. (Zohar I Auction Litigation, Dkt. No. 88 at pp. 11-17). Patriarch's remaining claims—alleging failure to provide books and records, and improper handling of the Zohar Funds' money—are conclusory, and articulate no facts on which a cognizable claim may lie.

### THE THIRD-PARTY CLAIMS DO NOT COMPLY WITH FED. R. CIV. P. 14

Patriarch's Third-Party Claims do not fall within the narrow scope of third-party claims permitted under Rule 14 of the Federal Rules of Civil Procedure. Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty ***who is or may be liable to it for all or part of the claim against it***." Fed. R. Civ. P. 14(a)(1) (emphasis added). Thus, impleader is permissible only where a third-party's liability is derivative of the outcome of the main claim. *See Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (acknowledging "[i]mpleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'") (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).

"A third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim." *Resources Funding Corp. v. Congrecare, Inc.*, 1994 WL 24825, at *10 (S.D.N.Y. Jan. 21, 1994). The answer to the Court's Rule 14 permissibility query posed in the Decision is that the third-party claims are improper because they are *not* dependent on the outcome of Plaintiffs' original action. In fact, Patriarch has not even *attempted* to suggest that the Trustee would be liable to Patriarch if, were the claims not dismissed, Patriarch was held liable to the Zohar Plaintiffs. Nor could they. The Third-Party Claims do not in any way relate to Plaintiffs' RICO claims or any of the related state-law causes of action. As a "Rule 14(a) branch cannot grow without the root of a claim asserted by plaintiff," these Third-Party Claims are entirely improper in this Action. *Ez–Tixz, Inc. v. Hit–Tix, Inc.*, 1995 WL 77589, at *4 (S.D.N.Y. Feb. 27, 1995); *see also Eckhoff v. Wal-Mart Associates, Inc.*, 2013 WL 6847117, at *5 (S.D.N.Y. Dec. 30, 2013) (dismissing claim against a third-party defendant where "[t]he legal and factual issues presented by the third-party breach of contract claim are independent of those that would be involved in the resolution of [plaintiff's] negligence claim").

### THIS COURT LACKS JURISDICTION OVER THE THIRD-PARTY CLAIMS

Separately, given the dismissal of the Zohar Plaintiffs' complaint in its entirety, this Court lacks jurisdiction over the Third-Party Complaint, and there is no basis to exercise supplemental jurisdiction over any of the Third-Party Claims. As Your Honor observed, there is no independent basis for federal question jurisdiction after the dismissal of Plaintiffs' RICO claim, and Patriarch cannot create an independent jurisdictional basis by its counterclaims and third-party claims. (Decision at 33-34). Thus, the only way the Court may maintain jurisdiction over the Third-Party Claims is by exercising supplemental jurisdiction under 28 U.S.C. § 1367(a). Here, there is no compelling justification for this Court's adjudication of these claims because no party would be prejudiced by a dismissal, and the claims "seem to be the type of allegations that [Patriarch] could have asserted in an independent action against the Third Party Defendants." (Decision at 35).

### THE THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM

Finally, the Third-Party Complaint should be dismissed for failure to state a claim. The crux of Patriarch's breach of contract, UCC, and tort claims is that the Auction was "commercially unreasonable." What Patriarch fails to recount (and this Court can consider on a motion to dismiss) is that every aspect of the Auction process—including the bidder eligibility, structure of bids, timing of bids, and specific collateral to be liquidated—was supervised and judicially approved by Judge Rakoff. Moreover, Patriarch agreed to virtually all of the terms of the Auction. (Zohar I Auction Litigation, at p. 10). Having litigated these issues previously and having alleged no new facts, Patriarch cannot escape Judge Rakoff's factual holding that the auction was commercially ***reasonable***. (Zohar I Auction Litigation, at pp. 11-17). *See* UCC § 9-627(c)(1).

It is precisely because Patriarch agreed to virtually all of the terms of the Auction that it now focuses on the transfer of equity interests as part of the Auction. Like the other allegations, this allegation is belied by the documents upon which the Third-Party Claims rely. The Trustee specifically listed for sale 133 Zohar assets, including Item 133 which consisted, in short, of "other collateral," the description of which mirrored the language in the Indenture's definition of Collateral. Thus, the liquidation did not include the sale of any assets not expressly belonging to the Funds, even if Patriarch now disputes their ownership. *See In re Eastman Kodak Co.*, 2012 WL 2255719, at *3 (Bankr. S.D.N.Y. June 15, 2012) (holding a trustee's right to sell property subject to ownership claims of third-parties is "plain" because the property "includes contingent and disputed property interests"). Indeed, after considering this very issue, Judge Rakoff held that "as long as the definitions of the items to be sold in the Auction tracked the definition of Collateral, it followed that the Trustee could sell those items." (Zohar I Auction Litigation, at p. 15).

Patriarch's remaining allegations—that the Trustee has refused to permit Patriarch to inspect its books and records and that the Trustee is improperly withholding, diverting, and/or assisting to effectuate transfers of the Zohar Funds' money—are mere conclusions, plead without any factual support. Indeed, Patriarch does not even attempt to allege any facts suggesting a basis for either of these allegations, and, in fact, the Trustee has provided Patriarch with extensive information in response to its books and records requests, most recently this past October; Patriarch has not objected to the adequacy of that production. Thus, there is no actual controversy between the parties. *See In re Residential Capital, LLC*, 2013 WL 1285430, at *3 (S.D.N.Y. Mar. 29, 2013) (dismissing a claim as moot where defendant produced certain documents and "there is currently no 'actual controversy about [the plaintiff's] particular legal rights'").

Accordingly, the Trustee respectfully requests a conference in advance of its anticipated motion to dismiss the Third-Party Complaint.

Respectfully submitted,

/s/ *Brett D. Jaffe*

Brett D. Jaffe

cc:   Counsel of Record