quinn emanuel    trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

January 12, 2018

WRITER'S DIRECT DIAL NO.
(212) 849-7115

WRITER'S EMAIL ADDRESS
jonpickhardt@quinnemanuel.com

**BY ECF AND U.S. MAIL**
The Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:    *Zohar CDO 2003-1, Ltd. et al. v. Patriarch Partners, LLC et al.*, No. 17 Civ. 307 (WHP)

Dear Judge Pauley:

We write as counsel for Plaintiffs-Counterclaim-Defendants Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd. (the "Zohar Funds") and Third-Party Defendant Alvarez & Marsal Zohar Management, LLC ("AMZM," and with the Zohar Funds, "Movants") pursuant to Your Honor's individual rules to request a pre-motion conference on Movants' anticipated motion to dismiss Defendants' Counterclaims and Third-Party Complaint in its entirety.  As Your Honor observed in the December 29, 2017 decision on Defendants' motion to dismiss, Defendants' Counterclaims and Third-Party Complaint are fundamentally deficient for jurisdictional and procedural reasons that independently warrant dismissal.  All but two of Defendants' claims against Movants are also substantively deficient and warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Tilton's Counterclaims And Third-Party Complaint Should Be Dismissed Entirely*

The Counterclaims and Third-Party Complaint should be dismissed for lack of subject matter jurisdiction.  Defendants assert that subject matter jurisdiction exists here under the Edge Act, but their purported grounds for Edge Act jurisdiction—claims against U.S. Bank, N.A., related to the auction of Zohar CDO 2003-1, Ltd.'s ("Zohar I") assets—were pleaded as part of Defendants' Third-Party Complaint and cannot confer federal jurisdiction over this action.  *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction"; "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts"); *Arrow Fin. Servs., LLC v. Massil*, 2009 WL 348552, at *2 (E.D.N.Y. Feb. 11, 2009) ("In the Second Circuit, '[i]t is clear, . . . that the jurisdiction of the district court over the claims of the plaintiffs is not enhanced by third party complaints.'" (quoting *In re Agent Orange Prod. Liab. Litig.*, 635 F.2d 987, 990 n.6 (2d Cir. 1980)).  Because no Edge Act jurisdiction exists, and the Court has already declined supplemental jurisdiction over the Zohar Funds' state-law claims, it should also decline

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

supplemental jurisdiction over Defendants' Counterclaims and Third-Party Complaint.

Separately, the third-party claims are improperly filed under Federal Rule of Civil Procedure 14. "To properly implead a party, the mere fact that the alleged third-part claims arises from the same transaction or set of facts as the original claims is not enough." *Eckhoff v. Wal-Mart Assocs., Inc.*, 2013 WL 6847117, at *2 (S.D.N.Y. Dec. 30, 2013) (quotations omitted). "Impleader is available only if the third party defendant is liable *secondarily* to the original defendant, or *liable over* to the defendant for all or part of the plaintiff's recovery." *Id.* (quotations omitted) (emphasis in original). "In other words, defendant's third-party claim must derive from the main claim, and the claim of liability to the defendant and third-party plaintiff [must] accrue only upon a finding of defendant's liability to the plaintiff on the main claim." *Id.* (quotations omitted). While Defendants plead 22 counts in their Third-Party Complaint, the claims cover four categories of supposedly culpable conduct: (i) administration of the auction of Zohar I's assets (**Counts 6-9, 18**), (ii) the Zohar Funds' or MBIA's exercise of ownership or control over the portfolio companies (**Counts 1-3, 10-13, 21-22**), (iii) AMZM's and U.S. Bank's supposedly deficient reporting (**Counts 14-17, 19-20**), and (iv) the AMZM's authorization of the Zohar Funds' lawsuits against Defendants (**Counts 5, 20**). Each of these claims is independent from the outcome of the Zohar Funds' now-dismissed affirmative claims as no claim seeks contribution or indemnification for liability to the Zohar Funds on their affirmative claims. To the contrary, Tilton's beneficial ownership claims assume that the Zohar Funds' ownership claims will fail and she will therefore have no liability. As a result, Tilton's Third-Party Complaint fails to comply with Rule 14 and should be dismissed.

### *Tilton's Counterclaims And Third-Party Claims Against Movants Fail To State A Claim*

In addition their jurisdictional and procedural infirmities, Defendants' counterclaims and third-party claims against the Zohar Funds and AMZM also suffer fatal substantive deficiencies. Defendants name AMZM as a Defendant in seven counts: **Count 4** (Breach of Fiduciary Duty), **Count 14** (Breach of the Indentures and Collateral Management Agreements), **Count 15** (Equitable Accounting), **Count 16** (Breach of Good Faith & Fair Dealing), **Count 20** (Aiding & Abetting Breach of Fiduciary Duty), and **Counts 21-22** (Declaratory Judgments as to Equity Control and Equity Ownership). The Zohar Funds are named as Defendants in Counts 16, 21, and 22. Aside from Counts 21 and 22, Defendants' claims against AMZM and the Funds fail to state a claim upon which relief can be granted. Grounds for dismissal include, but are not limited to, the following.

*First*, Defendants cannot sue AMZM for breach of fiduciary duty because AMZM does not owe Defendants a fiduciary duty, either as noteholders to Zohar I or preference shareholders to all three Zohar Funds. *See Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y. 3d 584, 593 (2012) ("While the collateral managers may have owed fiduciary and contractual duties to the [special investment vehicles they managed], there is no factual basis to create fiduciary duties running from the managers to the mezzanine noteholders."). Thus, **Count 4** fails to state a claim. Because AMZM is not an agent or fiduciary of any Defendant, Defendants' equitable accounting claim (**Count 15**) against AMZM also fails. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital Inc.*, 87 F.3d 44, 49 (2d Cir. 1996) ("The plaintiffs have not alleged that PacifiCorp was their agent or fiduciary, and so the district court properly rejected their claim.").

*Second*, Defendants also cannot sue the Zohar Funds for equitable accounting (**Count 15**) because the Zohar Funds, as corporate entities, are not agents or fiduciaries of their preference shareholders or noteholders.  *Stalker v. Stewart Tenants Corp.*, 93 A.D.3d 550, 552 (1st Dep't 2012) ("It is black letter law that a corporation does not owe fiduciary duties to its members or shareholders" (quotations omitted).).

*Third*, Defendants cannot sue AMZM for breach of the Zohar II or Zohar III CMAs or Indentures (**Count 14** and **Count 16**), because, as Preference Shareholders, Defendants are not third-party beneficiaries of those contracts with standing to sue.  *See* Zohar II Indenture § 18.8, Zohar III Indenture § 17.8 (providing exclusive list of third-party beneficiaries, not including Preference Shareholders); Zohar II & III CMAs § 2.2(p) (directing the Collateral Manager to "manage the Collateral to maximize the repayment to the ***holders of Notes***" (emphasis added)).  Tilton's Noteholder claims under the Zohar I Indenture are barred by the "Limitation on Suits" provision.  *See* Zohar I Indenture § 5.8 (prohibiting suits absent prior notice to the Trustee and consent of the Controlling Party).

*Fourth*, Defendants fail to state a claim for aiding and abetting breach of fiduciary duty (**Count 20**).  The only party identified by Defendants that *might* have owed them a fiduciary duty is the Trustee, and Defendants have failed to adequately allege that the Trustee breached any fiduciary duty, or that AMZM "knowingly participat[ed]" in any such breach.  *Kaufman v. Cohen*, 307 A.D.2d 113, 126 (N.Y. App. Div. 2003).  In particular, the Third-Party Complaint is devoid of any allegation that AMZM had any role whatsoever in the auction of Zohar I's assets at the center of Defendants' fiduciary duty claims against the Trustee, let alone plausible allegations that AMZM provided substantial assistance to a breach related thereto.

### *Counts 21 & 22 Should Be Stayed In Favor Of The Delaware Action*

For the reasons set forth above, only Defendants' declaratory claims concerning beneficial ownership (**Count 21** and **Count 22**) state a cognizable claim.   The Court should stay consideration of Counts 21 and 22 under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.") or *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).  As this Court has already observed, Defendants' beneficial ownership claims are currently pending before the Delaware Court of Chancery, which "seems best positioned to adjudicate the remaining state law claims" and "is an ideal forum to resolve . . . equity-related questions" concerning ownership and control.  *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 2017 WL 6628609, at *14 (S.D.N.Y. Dec. 29, 2017).  This Court should allow the Chancery Court to resolve beneficial ownership issues pending before it in the first instance.

Respectfully submitted,

/s/ Jonathan E. Pickhardt

Jonathan E. Pickhardt

cc:   Randy Mastro, Esq., Gibson, Dunn & Crutcher (by e-mail)