**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 25, 2019

VIA ECF

Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Tilton v. MBIA, Inc.*, No. 19-cv-09733 (S.D.N.Y.)—Status as Case Related to *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-cv-00307 (WHP)

Dear Judge Pauley:

I write as counsel for Counterclaim Plaintiffs and Third-Party Plaintiffs in the matter of *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-cv-00307 (WHP) (the "Federal Court Action") to address a related action that MBIA, Inc. and MBIA Insurance Corp. (collectively, "MBIA") recently removed from New York State Supreme Court to this District, *Tilton v. MBIA, Inc.*, No. 19-cv-09733 (S.D.N.Y.) (the "State Court Action"), in which I am counsel for the Plaintiffs, Lynn Tilton and Patriarch Partners XV, LLC.

MBIA has designated the State Court Action as related to the Federal Court Action, and we agree with that designation (though, ultimately, we believe the State Court Action should be remanded). In its Notice of Removal, MBIA states that the State Court Action should be referred to this District's bankruptcy court and indicates its intent to move to transfer the action to the Delaware bankruptcy court overseeing the Zohar Funds bankruptcy. We respectfully request that Your Honor accept the State Court Action as related to the Federal Court Action, as all parties agree it is, but not transfer the State Court Action to bankruptcy court until Your Honor resolves our forthcoming motion to remand.

We submit that the issue of remand is a threshold issue to be decided before any potential transfer of the State Court Action within the federal court system. We also believe this Court is best positioned to decide the motion to remand (and MBIA's expected motion to transfer) based on its familiarity with Tilton/Patriarch and MBIA's disputes and respective roles in connection with the Zohar Funds. Indeed, this Court will soon be addressing similar issues of federal jurisdiction and potential transfer to Delaware in the Federal Court Action.

The State Court Action has been pending since 2015, consists solely of state law tort claims, will culminate in a jury trial not available in bankruptcy court, and includes neither bankruptcy debtors nor any claims to assets of the bankruptcy estate. Critically, prior to MBIA's removal of the State Court Action, discovery was complete and the parties' summary judgment motions were *sub judice*. Accordingly, we will move to remand on multiple grounds, including that it makes no sense and would be inequitable to stall and

GIBSON DUNN

October 25, 2019
Page 2

transfer to a Delaware bankruptcy court a New York state court action between non-debtors on the verge of disposition on summary judgment or a jury trial.

We appreciate Your Honor's consideration of our request.

Respectfully,

 /s/ Randy M. Mastro

Randy M. Mastro

cc: Counsel of Record (*via ECF*)