UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------

ZOHAR CDO 2003-1, LTD., *et al.*,

        Plaintiffs,

-against-

PATRIARCH PARTNERS, LLC, *et al.*,

        Defendants.

-----------------------------------------------

17-cv-307 (PKC)

ORDER

P. KEVIN CASTEL, Senior United States District Judge:

        By letter dated October 4, 2021 (ECF No. 215), defendants and third-party plaintiffs (collectively, the "Patriarch Parties") seek clarification of this Court's Opinion and Order of September 29, 2021 (ECF No. 214), asserting that it is not clear to them whether the Court intended to grant them leave to amend those claims that were dismissed. The absence of a grant of leave to amend is precisely what it means and requires no clarification. However, the Court will treat the letter of October 4 as a motion to reconsider the denial of leave to amend and/or to permit them to file a motion to amend.

        The late Judge Pauley gave the Patriarch Parties 45 days to respond to the third-party defendants' motions to dismiss. The 80th page of the Patriarch Parties' Memorandum in Opposition to the motions contained a conclusion that stated in full as follows:

> For the foregoing reasons, this Court should deny the Motions to Dismiss. In the alternative, any dismissal should be without prejudice to allow Patriarch to amend its Third-Party Complaint to address any purported deficiencies raised by the Third-Party Defendants.

Mem. of Law in Opp'n to Mots. to Dismiss, ECF No. 197, at 80.

1

During the 45-day period for responding to the motion the Patriarch Parties could have but did not seek leave to amend their pleading. Their perfunctory request to amend contained no hint of what facts they might bring forward to cure any "purported deficiencies" in their pleading. Indeed, the October 4 letter—written with the Court's September 29 Opinion and Order in hand—does not identify which claims they would amend or in what respect they would be amended. Instead, the Patriarch Parties seek a blank check to reimagine their pleading in some undefined way.

It was appropriate for the Court to *sub silentio* deny the Patriarch Parties' pro forma request to amend on page 80 of their Memorandum. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint."). Upon reconsideration, the Court adheres to its denial of the Patriarch Parties' request to amend.

If the Patriarch Parties wish to move to amend, they may file a motion by October 15, 2021, annexing a proposed pleading marked to show changes and explaining why the amendments would not be futile.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: October 7, 2021
New York, New York