UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
ZOHAR CDO 2003-1, LTD.; ZOHAR II :
2005-1, LTD.; and ZOHAR III, LTD., :
:
     *Plaintiffs & Counterclaim* :
     *Defendants* :
:
     v. :
:
PATRIARCH PARTNERS, LLC; :
PATRIARCH PARTNERS VIII, LLC; :
PATRIARCH PARTNERS XIV, LLC; :
PATRIARCH PARTNERS XV, LLC; :
OCTALUNA LLC; OCTALUNA II LLC; :
OCTALUNA III LLC; ARK II CLO 2001-1, :
LLC; ARK INVESTMENT PARTNERS II, : No. 1:17-cv-00307
L.P.; and LYNN TILTON, :
:
     *Defendants, Counterclaimants* :
     *& Third-Party Plaintiffs* :
:
     v. :
:
MBIA INSURANCE CORPORATION; :
MBIA, INC.; ALVAREZ & MARSAL :
ZOHAR MANAGEMENT, LLC; U.S. BANK, :
N.A.; CREDIT VALUE PARTNERS, LP, :
HALCYON CAPITAL MANAGEMENT LP, :
COÖPERATIEVE RABOBANK U.A., and :
VÄRDE PARTNERS, INC. :
:
     *Third-Party Defendants* :
-----------------------------------------------------------x

**STIPULATION AND ORDER FOR THE EXCHANGE OF
CONFIDENTIAL INFORMATION**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and Defendants, Counterclaimants & Third-Party Plaintiffs, on the one hand, and U.S. Bank N.A., on the other (collectively, the "Parties" and, individually, each a "Party") having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May be Designated as Confidential**

1) Any person subject to this Protective Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else, except as expressly permitted hereunder.

2) The person producing any given Discovery Material may designate as "Confidential" any material or portion thereof that contains any category of information given confidential status by the federal courts, including, but not limited to, non-public business, commercial, financial or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing party, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3) With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Materials as "Confidential" by stamping or otherwise clearly marking as "Confidential" the Discovery Materials in a manner that will not interfere with legibility or audibility.

4) With respect to deposition transcripts or exhibits, a producing person or that person's counsel may designate such documents or portions thereof as "Confidential" either by (a) indicating on the record during the deposition, or (b) notifying the reporter and counsel of record, in writing, within thirty (30) days after receipt of a final copy of the deposition's transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. Prior to the termination of the aforementioned thirty-day period, the entire deposition transcript and all exhibits thereto will be treated as if they had been designated Confidential.

5) If at any time prior to the trial of this action a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without designation should be designated as Confidential, she, he or it may so designate by so apprising all parties of the Confidential Discovery Material in writing. Such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

**Who May Receive Confidential Materials**

6) No person subject to this Protective Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

a) the Parties to this action, their insurers, and counsel to their insurers;

b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned to this matter;

c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

      j)      any other person agreed to by the Parties.

      7)      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), (f) or (g), above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that the person has read this Protective Order and agrees to be bound by its terms.

**Filing Confidential Materials in the Action**

      8)      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person and all other parties a written notice stating with particularity the grounds of the objection.  If agreement cannot be reached promptly, all affected persons or Parties may bring the dispute before this Court.

      9)      Any person or Party who requests additional limits on disclosure (such as an "attorneys' eyes only" designation reserved for extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for all parties a written notice stating with particularity the grounds for the request.  If agreement cannot be reached promptly, all affected persons or Parties may bring the dispute before this Court.

      10)      A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third-party.  Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third-party of the request and that the third-party may seek a protective order or other relief from this Court.  If neither the third-party nor the receiving Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11) Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12) Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under this request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13) Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and any other controlling authority. Unless otherwise ordered, a party

seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof, and any redactions to which the party does not object.  Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to this Court.

14) Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself or a description thereof, but text that in no material way reveals the Confidential Discovery Material shall not be redacted.

15) Each person who has access to Confidential Discovery Materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16) Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the person who receives such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.  Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

**Inadvertent Disclosure of Privileged Materials**

17) If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18) If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19) Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20) If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

21) This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material shall be promptly returned to the producing person, or destroyed, except to the extent necessary for the Parties and counsel for the Parties to maintain their records pursuant to their document retention policies.

22) For good cause shown, the Parties may deviate from the deadlines set forth herein.

23) During the pendency of this Action only, this Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| ___/s/ Akiva Shapiro_____ <br> Dated: September 1, 2022 | ___/s/ Alexander Lorenzo_____ <br> Dated: September 1, 2022 <br><br> *Signature used with permission pursuant to S.D.N.Y. ECF Rule 8.5(b)* |

SO ORDERED

Dated: 09/02/2022
         New York, New York

_____
P. Kevin Castel
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
ZOHAR CDO 2003-1, LTD.; ZOHAR II :
2005-1, LTD.; and ZOHAR III, LTD., :
:
    *Plaintiffs & Counterclaim* :
    *Defendants* :
:
    v. :
:
PATRIARCH PARTNERS, LLC; :
PATRIARCH PARTNERS VIII, LLC; :
PATRIARCH PARTNERS XIV, LLC; :
PATRIARCH PARTNERS XV, LLC; :
OCTALUNA LLC; OCTALUNA II LLC; :
OCTALUNA III LLC; ARK II CLO 2001-1, : No. 1:17-cv-00307
LLC; ARK INVESTMENT PARTNERS II, :
L.P.; and LYNN TILTON, : **NON-DISCLOSURE AGREEMENT**
:
    *Defendants, Counterclaimants* :
    *& Third-Party Plaintiffs* :
:
    v. :
:
MBIA INSURANCE CORPORATION; :
MBIA, INC.; ALVAREZ & MARSAL :
ZOHAR MANAGEMENT, LLC; U.S. BANK, :
N.A.; CREDIT VALUE PARTNERS, LP, :
HALCYON CAPITAL MANAGEMENT LP, :
COÖPERATIEVE RABOBANK U.A., and :
VÄRDE PARTNERS, INC. :
:
    *Third-Party Defendants* :
----------------------------------------------------------x

    I, _____, acknowledge that I have read and understand the Protective Order in the above-captioned action governing the non-disclosure of Discovery Materials that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Materials to anyone other than for purposes of this litigation and that at the conclusion of this litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By

acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States district court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____    _____